## A. L. CAUSSE MFG. CO. v. UNITED STATES.

### (Circuit Court, S. D. New York. January 1, 1906.)

#### No. 3,913.

1. CUSTOMS DUTIES—CLASSIFICATION—FRUIT IN BRINE—"BRINE."
   In construing the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 559, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1683], for fruit in "brine," *held* that, in the absence of proof of a commercial meaning of "brine" different from the dictionary definition of it as water highly impregnated with salt, fruit in a solution containing .0402 per cent. or less of salt is not within said provision.

2. SAME—PREPARED CHERRIES—FRUITS IN OWN JUICES.
   Cherries which have been prepared by removing the stems and pits and washing away dirt, natural acid, etc., so as to prevent decay in transportation, and which are imported in a very weak saline solution, are dutiable as fruits in their own juices, under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651].

3. SAME—GREEN OR RIPE FRUITS—DRIED FRUITS.
   The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 262, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651], for "green or ripe" fruits, indicates fruit in its condition as plucked or taken from the tree; and the provision in the same paragraph for fruits "dried, desiccated, evaporated or prepared in any manner," indicates fruits that have undergone a process of drying.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision under review, see G. A. 5,917 (T. D. 26,029) affirming the assessment of duty by the collector of customs at the port of New York. The pertinent portions of the paragraphs of Tariff Act July 24, 1897, c. 11, referred to in the following opinion, read as follows:

"262. Apples, peaches, quinces, cherries, plums, and pears, green or ripe, twenty-five cents per bushel; apples, peaches, pears, and other edible fruits, including berries, when dried, desiccated, evaporated or prepared in any manner, not specially provided for in this act, two cents per pound." Schedule G, § 1, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651].

"263. * * * Fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem." 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651].

"559. Fruits or berries, green, ripe, or dried, and fruits in brine, not specially provided for in this act." Free List, § 2, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1683]. ·

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The evidence of the importers that the articles in question (cherries) are fruits in brine is insufficient. The term "brine" as applied to water, according to the dictionary definition, is highly impregnated with salt; while the merchandise in question only variously contained .0118 per cent., .0174 per cent., and .0402 per cent. of salt. The lexicographers' meaning of the word "brine," in the absence of a commercial meaning, prevents the court from holding that the small quantity of salt present constituted such a saline solution as that

mentioned in the tariff act. Evidence has been taken in this court showing that the cherries when prepared for shipment are subjected to repeated washing to remove the acid natural to the fruit, the dirt, and juices, so as to prevent decaying while in transit. The stems and pits of the cherries are taken out, and after repeated washing to improve their condition as a confection they are put in a weak solution of salt and water. I conceive, however, that the claim of the government—i. e., that the cherries are preserved in their own juices within the meaning of paragraph 263 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651])—is correct, especially as a prior adjudication construing paragraph 580 of the act of 1890 (Act Oct. 1, 1890, c. 1244, 26 Stat. 606), in Johnson v. United States (C. C.) 66 Fed. 725, suggests that the words of limitation, "green or ripe," which are also contained in paragraph 262 of the present tariff act, indicate an intention on the part of Congress to include the fruit specified in the act as plucked or taken from the tree. The suggestion that the cherries are "prepared in any manner" is equally futile, for the language of the second subdivision of paragraph 262 evidently refers to fruits that have undergone a process of drying.

I concur in the opinion and conclusion of the Board of General Appraisers, and therefore the decision holding the merchandise dutiable at 1 cent per pound and 35 per cent. ad valorem is affirmed.